United States District Court
Southern District of Texas
**ENTERED**
June 21, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HOUSTON,<br><br>Defendant.<br>JANE DRAYCOTT AND PAULA KEYES,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>CITY OF HOUSTON,<br><br>Defendant. | Civil Action No. 4:18-cv-00644 |

**PROTECTIVE ORDER**

**WHEREAS**, discovery sought in this action by Plaintiff United States of America ("United States"), Plaintiff-Intervenors Jane Draycott and Paula Keyes, and Defendant City of Houston ("Houston"), (collectively "the Parties"), may require the discovery of certain confidential information, documents, and material, and

**WHEREAS**, the Parties have agreed to the entry of this Order governing the designation and protection of such information and documents,

**IT IS HEREBY ORDERED** as follows:

1. In accordance with the provisions set forth below, the Court orders that confidential information, documents, and materials produced, obtained, or exchanged in the course of this action, including but not limited to the information described below, shall be used

by the Parties to which such information and documents are produced, obtained, or exchanged solely for the purpose of this lawsuit and for no other reason.

2. All materials produced or adduced in the course of discovery, including via initial disclosures, responses to discovery requests, subpoena *duces tecum*, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents and information"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculations of time periods.

3. <u>Scope</u>. As used in this Order, "Confidential Information" means documents and information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" that the producing party has made a good faith determination that such information falls within one or more of the following categories: (a) financial information of either party or any individual, (b) health-related information of any individual, (c) personal identity information, including employee identification numbers, social security numbers, dates of birth, family information, phone numbers, and residential information of any individual, (d) personnel or employment records of any individual, and (e) information prohibited from disclosure by Federal and State statute.

4. <u>Treatment as Confidential</u>. Any document and information produced or exchanged between the Parties in discovery, including but not limited to any documents, deposition testimony, deposition exhibits, interrogatory responses, and documents and information obtained by the Parties via subpoena *duces tecum*, which a party believes should be protected from disclosure, may be designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." All documents and information so designated and all copies thereof

(hereinafter referred to as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document or information as Confidential.

5. <u>Production to Counsel</u>. Confidential Information shall be produced only to counsel of record and the parties in this action, each of whom is bound by the terms of this Order.

6. <u>Disclosure</u>. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating such information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    a. Attorneys, legal assistants, legal clerks/interns, and other employees of the counsel for the Parties who have a need to handle the Confidential Information under normal office procedure;

    b. Experts or consultants retained by the Parties with respect to this action and their staff;

    c. Contracted vendors of counsel for the Parties, who have a need to handle the Confidential Information under the direction of counsel for the Parties with respect to this action;

    d. This Court and its staff;

    e. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action;

    f. Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation, and other employees of the

        Parties who have a need to handle the Confidential Information under normal office procedure and;

    g.    Any person:

        (1) from whom testimony has been taken or is reasonably expected to be taken in this action by deposition or at trial; or

        (2) who is the subject of the Confidential Information or who is reasonably expected to testify about the Confidential Information.

7.    <u>Agreement</u>. Each person to whom Confidential Information is disclosed pursuant to paragraphs 6(a), (b), and (f)-(h) shall first be shown a copy of this Order, shall further be advised of the obligation to honor the confidentiality designation, and, for individuals listed in paragraphs 6(b) and (f)-(h) shall be required to sign the Certificate of Consent and Agreement attached hereto as Exhibit A. The signed Certificates of Consent and Agreement shall be retained by counsel for the party making the disclosure.

8.    <u>Designation</u>. Any party in this action or counsel for such party may designate a document as Confidential pursuant to the terms of this Order by affixing to each page thereof a stamp with the legend "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" and transmitting to the other party the stamped copy of the document. Where a document contains both Confidential Information and information that is not Confidential Information only the portion that constitutes Confidential Information shall be so designated.

9.    Any party in this action may also designate portions of a deposition as Confidential Information by notifying the other party of the portions that are designated as Confidential, either during the course of the deposition by clearly indicating on the record which portion(s) are designated Confidential, or, in writing, within twenty (20) days of the receipt of the deposition transcript for depositions not yet taken at the time of the execution of this Protective Order, and within twenty (20) days of the execution of this Protective Order for

depositions already taken at the time of such execution. All depositions shall be treated as confidential from the time of the deposition through the relevant twenty (20) day period, unless the Parties agree otherwise. Confidential Information within the deposition transcript must be designated by providing a page/line list to counsel for the other party, and by underlining or bracketing the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," unless designation of Confidential Information was clearly made on the record during the course of deposition.

10. Any party in this action may designate as Confidential its response to interrogatories by labeling such response as: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

11. Confidential material includes all material designated as Confidential pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials, including, but not limited to charts, tables, graphs, and models.

12. <u>Use</u>. Confidential Information shall be used solely for the purpose of prosecution or defense in this action, and such documents and information may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeal of this action. Information, documents, and material designated Confidential pursuant to the terms of this Order shall be held in strictest confidence and shall be kept securely. The Parties agree to disclose Confidential Information only to those individuals so authorized pursuant this Order, and only to the extent necessary for prosecution or defense of this action. No party shall, for itself or any other person acting on its behalf, make more copies of Confidential Information than are reasonably necessary to conduct this litigation.

13. <u>Designation After Production</u>. Should a party need to designate as Confidential Information a document or information that was already disclosed or produced in this action, then the party must inform the other party in writing of the Confidential designation, and follow the procedures contained in this Order for such designations (for example, reproducing the documents or providing the deposition transcript with the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation and other requirements of this Order).

14. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

   a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

   b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

   c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

   d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

15. <u>Redaction</u>. Any party relying (in whole or in part) on Confidential Information from another party in any motion, brief, memorandum, affidavit, declaration or other paper, or attachment thereto to be filed, or any party characterizing, summarizing, or otherwise referencing Confidential Information in documents to be filed, must redact all Confidential Information from the document or submission to be filed under the public docket and file unredacted versions of such documents or submissions under a non-public docket. All filings or submissions which a party wishes to file under seal must be accompanied by a separate motion requesting that the documents or portions thereof be sealed by the Court.

16. <u>Challenging Designation</u>. A non-designating party may challenge the other party's designation of information or documents as Confidential no sooner than five (5) days after conferring with the designating party to seek a mutually acceptable resolution of the issue. If no such voluntary resolution occurs, the non-designating party may move the Court to remove the Confidential designation. If such a motion is filed, the party seeking confidentiality has the burden of establishing the confidential nature of the information or documents so designated. The opposing party shall file its opposition within the deadlines established by the Court's Local Rules and/or the Federal Rules of Civil Procedure.

17. <u>Disclosure of Later-Designated Information</u>. If a party designates documents or information as Confidential that have already been disclosed by the non-designating party to individuals not covered by this Protective Order, the non-designating party shall make all reasonable efforts to seek the return of the Confidential Information, shall show this Protective Order to the recipient of such Confidential Information and advise them of the obligation to honor the confidentiality designation and not to further disclose the confidential information or documents, or the contents thereof, and shall inform the designating party of the person(s) to whom such disclosures were made.

18. <u>Term of Agreement</u>. The Confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Within sixty (60) days of the conclusion of this litigation, including any appeals which may be filed, upon written request from the producing party, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy all Confidential Information. If Confidential Information is destroyed,

the party destroying the information shall provide written confirmation of the destruction, including the identity of the information destroyed and method of destruction.

19. <u>Modification of Order</u>.  Any party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the Parties or by Order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Signed on ___June 21___, 2018, at Houston, Texas.     It is so Ordered.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2018

Agreed to and entered into by,

/s/ *Jeremy P. Monteiro*
Jeremy P. Monteiro (DC Bar No. 977628)
Torie A. Atkinson (New York Bar, no number)
Trial Attorneys
United States Department of Justice
Employment Litigation Section, PHB 4500
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-3034
(202) 514-1005 (fax)
Jeremy.Monteiro@usdoj.gov
Torie.Atkinson@usdoj.gov

Keith Edward Wyatt
*Assistant* U.S. Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: 713-567-9713
Texas Bar No.: 22092900
Federal Bar No.: 3480
Email: keith.wyatt@usdoj.gov

*Counsel for Plaintiff United States*

/s/ *Deidra N. Sullivan*
Deidra N. Sullivan
Donald J. Fleming
City of Houston Legal Department
PO Box 368
Houston, TX 77001-0368
832-393-6299
832-393-6259 (fax)
Deidra.Sullivan@houstontx.gov

*Counsel for Defendant City of Houston*

/s/ *Joseph Y. Ahmad*
Joseph Y Ahmad
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney St
Suite 2500
Houston, TX 77010-2009
713-600-4900
7136550062 (fax)
joeahmad@azalaw.com

*Counsel for Plaintiffs-Intervenors Jane Draycott and Paula Keyes*

## **EXHIBIT A**

**Certificate of Consent and Agreement to Be Bound by Stipulated Protective Order in United States of America et al. v. City of Houston,**
United States District Court, Southern District of Texas,
Civil Action No. 4:18-cv-00644

I, _____ hereby acknowledge that:

1. I have received a copy of the Stipulated Protective Order (the "Protective Order") regarding Confidential Information.

2. I have reviewed the Protective Order.

3. I agree to be bound by the terms of the Protective Order and specifically agree that I will not use, disclose, distribute or otherwise make public any information or documents designated as Confidential Information (as defined in the Protective Order) other than as allowed by the Protective Order.

_____        _____
Print Name                            Signature

_____
Date

## CERTIFICATE OF SERVICE

On June 21, 2018, pursuant to the Federal Rules of Civil Procedure, a true copy of the foregoing was served upon each party to the cause via the CM/ECF system, which caused parties by their respective counsel of record to be served by electronic transmission:

Donald J Fleming
City of Houston
Legal Dept
PO Box 368
Houston, TX 77001-0368
832-393-6303
832-393-6259 (fax)
don.fleming@houstontx.gov

Deidra N. Sullivan
City of Houston Legal Department
Labor, Employment & Civil Rights
P. O. Box 368
Houston, TX 77001
832.363.6320
832.393.6259 (fax)
Deidra.Sullivan@houstontx.gov

Susana G. Sosa
City of Houston Legal Department
Labor, Employment & Civil Rights
P. O. Box 368
Houston, TX 77001
832.363.6320
832.393.6259 (fax)
Susana.Sosa@houstontx.gov

Joseph Y Ahmad
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney St
Suite 2500
Houston, TX 77010-2009
713-600-4900
713-655-0062 (fax)
joeahmad@azalaw.com

S Nasim Ahmad
Ahmad Capodice PLLC

24900 Pitkin Rd  
Suite 300  
The Woodlands, TX 77386  
832-767-3207  
nahmad@cline-ahmad.com

           */s/ Jeremy P. Monteiro*  
           Jeremy P. Monteiro