**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HOUSTON, <br><br> Defendant. | Civil Action No. 4:18-cv-00644 |
| JANE DRAYCOTT AND PAULA KEYES, <br><br> Plaintiffs-Intervenors, <br><br> v. <br><br> CITY OF HOUSTON, <br><br> Defendant. | |

## PLAINTIFF UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Plaintiff, United States of America, moves this Court for an order granting summary judgment in its favor on Defendant City of Houston's affirmative defense of failure to mitigate. This motion is brought pursuant to Federal Rule of Civil Procedure 56 and is supported by the following brief and attached exhibits.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

KEITH EDWARD WYATT
Assistant United States Attorney
Texas Bar No. 22092900
Federal Bar No. 3480
ELIZABETH F. KARPATI

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW
GA Bar No. 414320
Chief
Employment Litigation Section

1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9713
(713) 718-3303 (fax)
Keith.Wyatt@usdoj.gov
Elizabeth.Karpati@usdoj.gov

Civil Rights Division

KAREN D. WOODARD  (MD Bar)
Principal Deputy Chief
Employment Litigation Section
Civil Rights Division

*/s/ Jeremy P. Monteiro*
JEREMY P. MONTEIRO (DC Bar No. 977628)
HECTOR F. RUIZ, JR. (TX Bar No. 24029814)
HILLARY K. VALDERRAMA (TX Bar No. 24075201)
Trial Attorneys
United States Department of Justice
Employment Litigation Section
Civil Rights Division
4 Constitution Square
150 M Street, NE, Room 9.930
Washington, DC  20530
(202) 307-6230
(202) 514-1005 (fax)
jeremy.monteiro@usdoj.gov
hector.ruiz@usdoj.gov
hillary.valderrama@usdoj.gov

*Counsel for Plaintiff United States*

**TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS……………………………………………………….………..iii

TABLE OF AUTHORITIES……………………………………………………………...iv-v

I.    NATURE AND STAGE OF PROCEEDINGS……………………….…….................1

II.    STATEMENT OF FACTS……………………………………………….............1-4

III.    STATEMENT OF ISSUES…………………………………………………..4

IV.    SUMMARY OF THE ARGUMENTS………………………………………………4

V.    STANDARD OF REVIEW……………………………………………..................5

VI.    ARGUMENT……………………………………………...…………...5-11

VII.    CONCLUSION……………………………………………………………..11

ATTACHMENT…………………………………………………..Appendix of Exhibits

ATTACHMENT…………………………………………………....Plaintiff's Exhibits 1-8

ATTACHMENT…………………………………….……Appendix of Plaintiff's Authorities

Personal identifiable information has been redacted from the exhibits.

## Table of Authorities

**Cases**                                                                                         **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S. Ct. 2505 (1986)................................................................................11

*Boehms v. Crowell*,
    139 F.3d 452 (5th Cir. 1998) ........................................................................................7

*Buckingham v. Booz Allen Hamilton, Inc.*,
    64 F. Supp. 3d 981 (S.D. Tex. 2014) ............................................................................8

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S. Ct. 2548 (1986) ..........................................................................5

*E.E.O.C. v. IESI Louisiana Corp.*,
    720 F. Supp. 2d 750 (W.D. La. 2010)...........................................................................6

*Ford Motor Co. v. E.E.O.C.*,
    458 U.S. 219, 102 S. Ct. 3057 (1982) .......................................................................7, 9

*Freeman v. Tex. Dep't of Crim. Justice*,
    369 F.3d 854 (5th Cir. 2004)..........................................................................................5

*Hegler v. Bd. of Ed. of the Bearden Sch. Dist.*,
    447 F.2d 1078 (8th Cir. 1971)........................................................................................6

*Hightower v. Texas Hosp. Ass'n*,
    65 F.3d 443 (5th Cir.1995)............................................................................................5

*Huffman v. City of Conroe*,
    No. H-07-1964, 2009 WL 361413 (S.D. Tex. Feb. 11, 2009) .......................................6

*Humphreys v. Med. Towers, Ltd.*,
    893 F. Supp. 672 (S.D. Tex. 1995), *aff'd*, 100 F.3d 952 (5th Cir. 1996) .....................9

*Little v. Tech. Specialty Prods. LLC*,
    No. 4:11-CV-717, 2014 WL 1116895 (E.D. Tex. March 18, 2018)..............................6

*Mahoney v. Ernst & Young LLP*,
    487 F. Supp. 2d 780 (S.D. Tex. 2006) ..........................................................................9

*Migis v. Pearle Vision, Inc.*,
    135 F.3d 1041 (5th Cir. 1998).......................................................................................6

*Miles-Hickman v. David Powers Homes, Inc.*,
    613 F. Supp. 2d 872 (S.D. Tex. 2009) ..........................................................................6

*Palasota v. Haggar Clothing Co.*,
    499 F.3d 474 (5th Cir. 2007)..........................................................................................7

*Paulissen v. MEI Techs., Inc.*,
    942 F. Supp. 2d 658 (S.D. Tex. 2013) ......................................................................6, 7

*Sellers v. Delgado Comm. Coll.*,
    839 F.2d 1132 (5th Cir. 1988).......................................................................................6

*Smith v. Regional Transit Authority*,
    827 F.3d 412 (5th Cir. 2016) .........................................................................................5

*Sparks v. Griffin*,
    460 F.2d 433 (5th Cir. 1972).........................................................................................6

*Starr v. Oceaneering Int'l, Inc.*,
   No. 4:09-CV-0204, 2010 WL 644445 (S.D. Tex. Feb. 18, 2010) ...........................................6, 7
*Warfield v. Byron*,
   436 F.3d 551 (5th Cir. 2006)...................................................................................................5

**Statutes**

37 Tex. Admin. Code § 217.1(12) (2019) ...............................................................................4, 11
37 Tex. Admin. Code § 429.1 (2019) ......................................................................................4, 11
37 Tex. Admin. Code § 429.3 (2019) ......................................................................................4, 11

**Rules**

Fed. R. Civ. P. 56(a) ...................................................................................................................5

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**I.      Nature and Stage of Proceeding**

This is a Title VII case brought by Plaintiff the United States alleging that the City of Houston ("City") and Houston Fire Department ("HFD") subjected Jane Draycott and Paula Keyes,[1] female firefighters formerly stationed at HFD's Station 54, to a hostile work environment because of their gender and/or race, subjected Draycott to retaliation for reporting the hostile work environment, and constructively discharged Draycott.  The United States filed its Complaint on February 28, 2018.  *Docket Entry ("D.E.") 1*.  On June 12, 2019, the Court granted a Motion to Intervene filed by Jane Draycott and Paula Keyes.  *D.E. 18*.  The Plaintiffs-Intervenors' Complaint alleges the same claims asserted by the United States and includes an additional claim not asserted by the United States.  *D.E. 10*.  The Court set March 25, 2019, as the deadline for the identification of experts "by the party with the burden of proof on the issue and production of such reports."  *D.E. 49*.  The City failed to disclose any expert to offer testimony as to any of its Affirmative Defenses, including any claim that Draycott failed to mitigate her damages.  The City only disclosed Dr. Dwight Steward ("Steward") in connection with the Court's April 25, 2019 deadline for the identification of "responsive experts."  *D.E. 49*.

**II.     Statement of Undisputed Facts**

**A.      There Is No Evidence the Positions  Identified are Substantially Equivalent to the HFD Firefighter Position.**

The City retained Steward to analyze Plaintiff's expert report calculating Jane Draycott's economic damages.  *See generally Ex. 1, at ¶ 1*.  Steward, an economist and statistician, opined that Plaintiff's damage analysis should take into account Draycott's ability to secure work in

_____
[1] Ms. Keyes has resolved all of her claims against the City, pending finalizing of the settlement agreement.

1

"other jobs that are outside [of her] usual occupation." *See id. at ¶¶ 1-3, 38-44; Ex. 2, 188:16-189:21, 191:12-192:1*. Steward chose three occupations that the Bureau of Labor Statistics' (BLS') Occupational Outlook Handbook (OOH) listed on its website as being similar to a Firefighter: Forest and Conservation Workers, Fire Inspectors, and Hazardous Materials Removal Workers. *Ex. 1, at ¶ 40*. Steward solely relied on BLS' determination in identifying the three jobs related to her former occupation, but could not explain BLS' methodology or criteria for identifying such jobs. *Ex. 2, 134:11-135:1, 137:4-10, 143:7-12*.

Steward did not compare the duties, responsibilities, promotional opportunities, working conditions, or status of the three positions with the HFD firefighter position. *See id. at 140:1-10, 142:25-144:19, 147:12-18, 162:11-164:1, 164:23-165:8, 174:23-176:7; see also Ex. 1, at ¶¶ 39-42*. Steward testified that BLS had determined that firefighter/EMT positions generally have skills that are transferrable to these three occupations, but he did not have any opinion on the transferability of the knowledge, skills, and abilities of the HFD firefighter position specifically to these three occupations. *Ex. 2, 138:6-139:3*. Steward did not offer an opinion that these three positions were similar to the HFD firefighter position. *See Ex. 2, 151:8-15*.

With respect to two of the three positions Steward identified as alternative occupations, their wages were far less than what Draycott had earned as an HFD firefighter. Draycott had earned $56,171 in her last year as a firefighter. *Ex. 1, ¶ 9*. The median pay for forest and conservation workers was $27,460, and the median pay for hazardous materials removal workers was $42,030. *Id.; Ex. 8, p. 1*.

## B.  The City Cannot Prove Draycott was Qualified for Any of the Positions Identified.

Steward did not consider any of Draycott's mental health limitations in his analysis. *Ex. 2, 125:12-18*. Well before Steward developed his report, Dr. Larry Nahmias, a doctor retained

by the City, and Dr. William Drell ("Drell"), a doctor retained by the Houston Firefighters'
Relief and Retirement Fund, both found that Draycott was permanently unable to perform the
duties of a firefighter. *See Ex. 3, at p. 1; Ex. 4, pp. 1, 3-7, 8; Ex. 5, 54:12-55:10, 60:14-61:13;
Ex. 6, p. 3; Ex. 7, p.3*. Drell attributed Draycott's inability to work to Post Traumatic Stress
Disorder ("PTSD"). *Ex. 6, p. 3; see also Ex. 5, 31:15-22, 33:17-34:3, 35:13-23*. He found that
Draycott's inability to work for HFD would be permanent. *Ex. 6, p. 3; Ex. 7, p. 3; Ex. 5, 54:12-
55:10, 56:1-7*. Drell also diagnosed Draycott with major depression. *Ex. 5, 31:15-32:6; see also
id. at 34:4-21*. Steward stated in his deposition that he was aware that Draycott had "PTSD
issues," but did not consider her mental health in connection with his opinions on her
employability. *See Ex. 2, 185:2-7, 127:14-128:1, 130:5-130:15*. He did not and could not
explain how her diagnosis related to this case because that was "outside of [his] area." *Ex. 2,
184:17-185:7; see also id. at 186:18-189:2* (stating that he was not concerned as to the extent of
Draycott's disabling conditions because it was outside the scope of what the City had hired him
to do). Steward also admitted that he was not qualified to offer an opinion on whether an
individual with depression is able to perform the job duties of the positions he identified. *Id. at
131:2-23*.

Steward was aware that a "vocational person" could interview a plaintiff with an injury or
impairment to "figure[] out what types of jobs that they can do" so that he could determine what
"that labor market look[ed] like for them." *Id. at 42:7-43:2; see also id. at 184:17-185:7*.
Steward acknowledged that he is not a "vocational person," and he did not rely on information
from any vocational rehabilitation professional in forming his opinions about Draycott's
employability. *See id. at 43:6-12*. In his report, Steward claimed that Draycott was employable,

3

although he admitted in his deposition that he had conducted no additional analysis to determine this.  *Ex. 1, ¶ 39; Ex. 2, 133:2-134:10, 142:7-24.*

Steward did not know if Draycott was qualified for any of the jobs he identified.  *See Ex. 2, 124:13-22, 154:4-12, 158:21-160:21*.  He did not consider her physical or mental ability to perform any of these positions, as that determination was beyond his qualifications, and he did not know if she could actually perform these jobs.  *See id. at 124:23-125:22, 129:3-130:15, 131:12-23*.  Steward was unaware of key qualifications required of the positions he had identified, like the fact that fire inspectors must be certified in Texas, a process which requires at a minimum a background check and examination. *Id. at 155:7-156:21*; *see also* 37 Tex. Admin. Code §§ 429.1, 429.3 (2019).  He did not know if Draycott would qualify to be a certified peace officer, as was required for an arson investigator position he identified as an available job, or if a psychological assessment would be required.  *Ex. 2, 158:21-160:21*; 37 Tex. Admin. Code § 217.1(12) (2019) (requiring psychological examination as condition of licensure).  He also conceded that Draycott might need additional training or experience for some of these jobs.  *See id. at 173:12-174:22.*

**III.**    <u>**Statement of Issues**</u>

1. Can an employer bear its burden to prove its affirmative defense of failure to mitigate without showing that substantially similar employment for which the plaintiff was qualified was available?

**IV.**    <u>**Summary of the Arguments**</u>

1. Absent proof that substantially similar employment for which the plaintiff qualified was available, an employer cannot meet its burden to prove that the plaintiff has failed to mitigate her damages.

## V.   Standard of Review

"Summary judgment is proper where there is no genuine dispute of material fact, and a party is entitled to judgment as a matter of law." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (citing FED. R. CIV. P. 56(a)). *See also Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir.1995) ("Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law."). When a party who bears the burden of proof on a dispositive issue has no evidence regarding an element of its case, summary judgment is appropriate because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). All factual inferences must be made in favor of the party opposing summary judgment. *Hightower*, 65 F.3d at 447. While the nonmoving party can avoid summary judgment by demonstrating the existence of a genuine issue of material fact, it "'cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006) (quoting *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)).

## VI.   Argument

### A.  The City Cannot Prove its Failure to Mitigate Affirmative Defense.

In its Answer to the United States Complaint, the City asserted "Plaintiff's claims are barred in whole or in part, or recoverable damages should be reduced, because Draycott and Keyes have wholly failed to take reasonable steps to mitigate their damages as required by law."

*D.E. 9, p. 10*.  Summary judgment is appropriate because the City cannot prove that substantially equivalent jobs were available for which Draycott was qualified.  The City's sole evidence on this defense comes from its rebuttal expert on damages, Steward, who identified three positions that could have been considered in an analysis of Draycott's economic losses.  But Steward did not compare the three occupations he identified with the HFD firefighter job to determine whether they were substantially equivalent.  Nor could he say that Draycott was minimally qualified for these positions, or that she could have performed any of these jobs, given her medical diagnoses.  For these reasons, the City's affirmative defense must fail.

The City bears the burden to prove that Draycott failed to mitigate her damages.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998).  As the Fifth Circuit described in *Sparks v. Griffin*, the employer must prove *both* that the plaintiff did not exercise diligence to find substitute employment *and* that jobs were available for which she was qualified.[2]  460 F.2d 433, 443 (5th Cir. 1972) (quoting *Hegler v. Bd. of Ed. of the Bearden Sch. Dist.*, 447 F.2d 1078, 1081 (8th Cir. 1971)); *see Paulissen v. MEI Techs., Inc.*, 942 F. Supp. 2d 658, 677 (S.D. Tex. 2013) (Lake, J.); *Huffman v. City of Conroe*, No. H-07-1964, 2009 WL 361413, *13 n.37 (S.D. Tex. Feb. 11, 2009).  *See also* Fifth Circuit Pattern Jury Instructions (Civil Cases), revised Oct.

---

[2] A Fifth Circuit opinion issued subsequent to *Sparks* suggests that an employer need not prove the availability of a substitute position if it can establish that the plaintiff has not made reasonable efforts to obtain work.  *Compare Sellers v. Delgado Comm. Coll.*, 839 F.2d 1132, 1139 (5th Cir. 1988) *with Sparks*, 460 F.2d at 443.  However, as this Court has observed, "one appellate panel may not overrule a decision of a prior panel absent *en banc* reconsideration or a superseding decision by the Supreme Court because where two panels conflict, the earlier opinion controls."  *Paulissen*, 942 F. Supp. 2d at 677 (citing *Huffman*, 2009 WL 361413, *13); *see also Starr v. Oceaneering Int'l, Inc.*, No. 4:09-CV-0204, 2010 WL 644445, *12 n.8 (S.D. Tex. Feb. 18, 2010).  Both *Sparks* and *Sellers* are panel decisions, and *Sparks* predates *Sellers*.  Therefore, the decision in *Sparks* controls this analysis and employers must prove the availability of substantially equivalent employment for which the plaintiff was qualified as well as the plaintiff's lack of diligence.  *See Paulissen*, 942 F. Supp. 2d at 677; *Huffman*, 2009 WL 361413, *13 n.37; *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 887 n.22 (S.D. Tex. 2009); *Garcia v. Harris County*, H-16-2134, 2019 WL 132382, * 2 (S.D. Tx. 2019); *Little v. Tech. Specialty Prods. LLC*, No. 4:11-CV-717, 2014 WL 1116895, *2-3 (E.D. Tex. Mar. 18, 2018); *but see E.E.O.C. v. IESI Louisiana Corp.*, 720 F. Supp. 2d 750, 755 n.2 (W.D. La. 2010) (adopting the *Sellers* approach).

2016, 11.14 at p. 218-220.  With respect to any jobs the City identifies to meet its burden, it must prove such jobs are "substantially equivalent," meaning that which "affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the claimant has been discriminatorily terminated." *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 486 (5th Cir. 2007) (quotation and internal alterations omitted); *Paulissen*, 942 F. Supp. 2d at 676-77 (quotation and internal alterations omitted).  Employees need not accept lesser or dissimilar work in order to mitigate their damages.  *See Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 n.14, 102 S. Ct. 3057, 3065 n.14 (1982); *Starr*, 2010 WL 644445 at *12.  The "focus in a mitigation analysis – and the base from which all comparisons about whether 'reasonable efforts' to obtain comparable work are made – must be the employment position with respect to which discrimination occurred." *Boehms v. Crowell*, 139 F.3d 452, 460 (5th Cir. 1998).

The City cannot prove that Draycott failed to mitigate her damages.  First, the City cannot establish that any of the positions afford "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status" as Draycott's former position with the HFD.  *Palasota*, 499 F.3d at 486.  To the contrary, the limited evidence available about several of these positions strongly suggests that they are not substantially equivalent.  Second, the City cannot prove that Draycott is qualified for any of the positions that Steward identified.

## 1. <u>The City Cannot Prove the Positions Identified Were Substantially Equivalent to the Firefighter Position.</u>

The City cannot demonstrate that any of Steward's three positions are substantially equivalent to the HFD firefighter position.  In fact, Steward admitted that he was not even opining that these positions were similar to the HFD firefighter position – only that they were "related." *Ex. 2, 151:8-15*.  Steward's selection of three positions from Exhibit 8 represents the

sum and substance of his work in this case.  *Ex. 2, 134:11-135:1*; *Ex. 8, p. 1.*  He made no effort
to compare the job duties, responsibilities, promotional opportunities, compensation, working
conditions, or status of the forest and conservation worker, fire inspector, or hazardous materials
removal worker positions with the HFD firefighter position.  *Ex. 2 at 140:1-10, 142:25-144:19,
147:12-18, 162:11-164:1, 164:23-165:8, 174:23-176:7*; *see also Ex. 1, at ¶¶ 38-42*; *Buckingham
v. Booz Allen Hamilton, Inc*., 64 F. Supp. 3d 981, 986 (S.D. Tex. 2014) (summary judgment for
employee on failure to mitigate defense where employer could not show jobs were substantially
equivalent without evidence of the opportunities, responsibilities, conditions and status afforded
by the alternative positions); *Garcia*, 2019 WL 132382, *3 (same).

Steward's only basis for comparison was BLS' determination that the positions were
"similar" to a generic firefighter position, but he could not even explain the criteria considered
by BLS, let alone whether such criteria were consistent with those factors that have been
considered by courts in determining substantial equivalence.  *Ex. 2, 134:11-135:1, 137:4-10,
138:6-139:3, 143:7-12.*  Remarkably, Steward repeatedly argued that it was Plaintiff's expert's
obligation to determine whether the jobs he identified were substantially equivalent and whether
Draycott could perform the jobs.  *Id. at 145:17-146:3, 150:24-151:7, 154:4-12* (minimal
qualifications "are the types of things Dr. Wainwright needs to uncover"), *159:4-11* (Dr.
Wainwright should analyze whether or not Draycott would be qualified for the three positions
Steward identified).  He ignores that it is City's burden to prove its affirmative defense.

Even the limited information that Steward did provide regarding these positions
conclusively establishes that the forest and conservation worker and hazardous materials removal
worker positions are far inferior to the HFD firefighter position by one crucial metric:
compensation.  The median salary for forest and conservation workers was roughly half of

Draycott's 2010 earnings, while the median salary for hazardous materials removal workers was over $14,000 less than Draycott earned in 2010. *Compare Ex. 1, ¶ 9 with Ex. 8, p. 1.* Additionally, these positions cannot be said to have the same status as a firefighter job. Draycott's obligation to mitigate her damages does not require her to accept an inferior position. *Ford Motor Co.*, 458 U.S. at 231 n.14.

At most, the City has identified positions that may have been available that are related to a generic firefighter position. But that is not the test. To carry its burden, the City must conclusively establish that the available positions offer virtually identical promotional opportunities, compensation, working conditions, and status as Draycott's HFD Firefighter position *and* that Draycott was qualified for them. The City has not developed sufficient evidence to establish either of these requirements and, thus, has not met its burden. *Humphreys v. Med. Towers, Ltd.*, 893 F. Supp. 672, 690 (S.D. Tex. 1995), *aff'd*, 100 F.3d 952 (5th Cir. 1996) (property manager position not substantially equivalent to real estate salesperson); *Mahoney v. Ernst & Young LLP*, 487 F. Supp. 2d 780, 816–17 (S.D. Tex. 2006) (substantial equivalence where position was in the same field, included the same benefits package, was positioned at the same organizational level, did not involve providing professional services to clients, was located at the same building, and involved the same working conditions, environment, and working hours).

## 2. The City Cannot Prove Draycott was Qualified for the Positions Identified.

Even if the City could prove the positions were substantially equivalent, the City cannot prove Draycott was qualified for any of the positions identified because Steward, the City's lone expert, is not qualified to opine on Draycott's mental or physical ability to perform the positions. In addition to his complete lack of knowledge of the requirements of these positions and how

9

they compared to the HFD firefighter job, Steward testified that he did not know whether Draycott herself could actually perform any of the positions he had identified, and he conceded that she might need additional training or experience for several of them.  *Ex. 2, 124:23-125:22, 129:3-130:15, 173:12-174:22; see also id. at 131:12-23*.  Nor did Steward even consider the impact Draycott's mental health diagnoses could have on her ability to perform the job duties of the forest and conservation worker, fire inspector, or hazardous materials removal worker positions.  *See id. at 125:12-22, 127:14-128:1, 130:5-130:15, 185:2-7*.  Steward, who is not a mental health professional, understood that he was not qualified to offer an opinion as to whether an individual diagnosed with a serious mental health condition would be able to perform these jobs, and he did not seek any vocational rehabilitation information regarding Draycott's employability.  *See id. at 131:12-23, 42:7-43:12*.  Thus, the City cannot even prove that Draycott qualified for the positions that Steward offered as possible alternatives.

Nor can the City establish that an HFD firefighter like Draycott would have the requisite knowledge, skills, and abilities to perform the job duties of the forest and conservation worker, fire inspector, or hazardous materials removal worker positions.  *See Ex. 2, 140:1-10, 142:25-144:19, 147:12-18, 162:2-164:1, 164:23-165:8, 174:23-175:3; see also Ex. 1, at ¶¶ 38-42*.  Steward testified that BLS had determined that a generic firefighter/EMT position has skills that are generally transferable to these three occupations, but he didn't know whether HFD firefighters specifically have those knowledges, skills, and abilities, which is what is at issue here.  *Ex. 2, 138:6-139:3*.  He based his opinion entirely on BLS' determination that the positions were similar to firefighter positions generally, but could not explain the methodology by which such positions were identified.  *See id. at 137:4-10, 138:6-139:3*.  Because Steward did not compare their duties to those of the HFD firefighter position to determine if they were in fact

similar, he had no separate opinion regarding whether the knowledge and skills of a HFD firefighter would have been transferable to these three positions. *See id. at 140:1-10, 142:25-143:12, 147:12-18, 162:11-164:1, 164:23-165:8, 174:23-175:3; see also Ex. 1, at ¶¶ 38-42; Ex. 2, 138:6-139:3.*

Finally, Steward lacked even basic information regarding the qualifications for the positions he identified. He did not know that fire inspectors must be certified in Texas or what the certification process entailed, or if Draycott would qualify to be a certified peace officer (which was required for an arson investigator position he identified as a job available to Draycott), or if a psychological assessment would be required. *Ex. 2, 155:7-156:24, 158:21-160:21*; *see also* 37 Tex. Admin. Code §§ 429.1, 429.3 (2019) (requiring certification for fire inspectors in Texas and setting forth the requirements for certification, which include training and an examination); 37 Tex. Admin. Code §§ 217.1(12) (2019) (requiring psychological examination as condition of licensure).

In short, the City has not met its burden to provide evidence from which a reasonable factfinder could conclude by a preponderance of the evidence that Draycott did not mitigate her damages. The evidence on this issue is so one-sided that the United States must prevail as a matter of law and therefore is entitled to summary judgment on this affirmative defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986).

## VII.    <u>Conclusion</u>

There are no genuine issues of material facts as to the City's inability to prove that Draycott failed to mitigate her damages.  The Plaintiff is entitled to summary judgment on this issue as a matter of law.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney
Southern District of Texas

KEITH EDWARD WYATT
Assistant United States Attorney
Texas Bar No. 22092900
Federal Bar No. 3480
ELIZABETH F. KARPATI
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9713
(713) 718-3303 (fax)
Keith.Wyatt@usdoj.gov
Elizabeth.Karpati@usdoj.gov

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW
GA Bar No. 414320
Chief
Employment Litigation Section
Civil Rights Division

KAREN D. WOODARD
Principal Deputy Chief
Employment Litigation Section
Civil Rights Division

*/s/ Jeremy P. Monteiro*
JEREMY P. MONTEIRO (DC Bar No. 977628)
HECTOR F. RUIZ, JR. (TX Bar No. 24029814)
HILLARY K. VALDERRAMA (TX Bar No. 24075201)
Trial Attorneys
United States Department of Justice
Employment Litigation Section, PHB 4500
Civil Rights Division
4 Constitution Square
150 M Street, NE, Room 9.930
Washington, DC  20530
(202) 307-6230
(202) 514-1005 (fax)
jeremy.monteiro@usdoj.gov
hector.ruiz@usdoj.gov
hillary.valderrama@usdoj.gov

*Counsel for Plaintiff United States*

12

## CERTIFICATE OF SERVICE

On November  18, 2019, pursuant to the Federal Rules of Civil Procedure, a true copy of the foregoing was served upon each party to the cause via the CM/ECF system, which caused parties by their respective counsel of record to be served by electronic transmission:

Donald J Fleming
City of Houston Legal Dept
PO Box 368
Houston, TX 77001-0368
832-393-6303
832-393-6259 (fax)
don.fleming@houstontx.gov

Deidra N. Sullivan
City of Houston Legal Department
Labor, Employment & Civil Rights
P. O. Box 368
Houston, TX 77001
832.363.6320
832.393.6259 (fax)
Deidra.Sullivan@houstontx.gov

Joseph Y Ahmad
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney St
Suite 2500
Houston, TX 77010-2009
713-600-4900
713-655-0062 (fax)
joeahmad@azalaw.com

S Nasim Ahmad
Ahmad Capodice PLLC
24900 Pitkin Rd Suite 300
The Woodlands, TX 77386
832-767-3207
nahmad@cline-ahmad.com

_/s/ Jeremy P. Monteiro_
Jeremy P. Monteiro