# EXHIBIT U

# Executive Order No. 1-50: Prohibited Workplace Conduct, Including Sexual Harassment, February 1, 2010, HOU00007336-7340



# CITY OF HOUSTON

## EXECUTIVE ORDER

| SUBJECT | PROHIBITED WORKPLACE CONDUCT, INCLUDING SEXUAL HARASSMENT | E. O. No. **1- 50** |
|---|---|---|
| | | Effective Date **60 DAYS FROM APPROVAL** |

### 1.0 PURPOSE AND SCOPE

It is the policy of the City of Houston to promote employment practices that provide a work environment where fairness, equality, and mutual respect are valued. Employee behavior that is sexually harassing or sexually offensive or that otherwise impairs maintenance of a professional and dignified work environment is expressly prohibited and will not be tolerated. The purpose of this Executive Order is to define sexual harassment and other types of prohibited conduct and to establish procedures for investigating and remedying claims. This Executive Order governs employee conduct in all City workplaces and vehicles, during business travel, and in any other location where City business is conducted, regardless of whether the property is owned or leased by the City. This Order applies to all employees regardless of civil service status, classification, pay grade, length of employment, or full-time or part-time status. This Order supercedes Mayor's Policy No. 113.00, Sexual Harassment.

### 2.0 DEFINITIONS AND EXAMPLES OF PROHIBITED CONDUCT

**2.1** **"Sexual Harassment"** includes, but is not limited to, unwelcome sexual advances, unwelcome requests for sexual favors, unwelcome verbal comments of a sexual nature, unwelcome physical contact or touching of a sexual nature, or unwelcome displays or distribution of sexually-oriented material. Sexual harassment is wrongful regardless of whether the parties are the same sex or the opposite sex or whether one or more parties are transgendered. A violation of this Executive Order occurs when:

1. Submission to the unwelcome conduct is made either explicitly or implicitly a term or condition of an individual's employment; or
2. Submission to or rejection of the unwelcome conduct by an individual is used as a basis for employment decisions affecting that individual, or
3. The unwelcome conduct has the purpose or effect of interfering with an individual's professional performance or creates an intimidating, hostile, or offensive work environment.

Conduct constitutes sexual harassment if it results in a tangible employment action (such as termination, indefinite suspension, demotion, or loss of pay or benefits) or if it results in the creation of a hostile work environment. A hostile work environment occurs when unwelcome sexual conduct, insults, vulgarities, or acts of intimidation permeate the workplace and have become so severe or pervasive as to become a term or condition of employment for the recipient of the conduct.

| Approved *[signature: Annise D. Parker]* | Date Approved 2/1/2010 | Page 1 of 5 |
|---|---|---|

Conduct that satisfies any of the above definitions of sexual harassment will violate this Executive Order regardless of whether it occurs during working hours, during a lunch break, or during an off-duty, work-related social or recreational activity. After-hours conduct, such as telephoning an employee at home, may violate this order if the subject matter or purpose of the conduct is work-related or if the conduct adversely impacts or is likely to impact working relationships or the work environment.

    **2.1.1 Examples of Prohibited Conduct.** Whether conduct violates this policy will be determined by looking at all circumstances, including whether the conduct was verbal, physical, or both; whether the behavior was offensive or threatening and intimidating; and whether the acts were isolated and infrequent. While it is not possible to list all behaviors that might constitute sexual harassment, the following are examples of conduct that may violate this policy:

- 2.1.1.1 Unsolicited, unwelcome flirtations, advances, and/or propositions of a sexual nature;
- 2.1.1.2 Making an adverse employment decision against an employee who refuses to comply with a request of a sexual nature;
- 2.1.1.3 Threatening, either directly or indirectly, to retaliate against an employee who refuses to comply with or submit to a request of a sexual nature;
- 2.1.1.4 Insults, jokes, names, epithets, statements, or stories that are lewd, demeaning, derogatory, or objectively offensive;
- 2.1.1.5 Unwelcome, sexually-oriented communications regarding sexual history, sexual experience, or sexual desires;
- 2.1.1.6 Unwelcome physical contact, including touching, grabbing, pinching, or massaging;
- 2.1.1.7 Intentionally or recklessly brushing up against another person when a reasonable person would view the contact as unwelcome;
- 2.1.1.8 Unwelcome non-verbal conduct of a sexual nature, including leering, whistling, exposing oneself, touching oneself, or making sexual gestures;
- 2.1.1.9 Inappropriate display or distribution of sexually suggestive or pornographic items or material, including video images, audio clips, or graffiti;
- 2.1.1.10 Use of electronic equipment, including computer networks, cell phones, and copy machines, to transmit or display objectively offensive material of a sexual nature;
- 2.1.1.11 Withholding employment opportunities from an employee because the supervisor has chosen to provide those opportunities to another employee with whom the supervisor is sexually involved; and/or
- 2.1.1.12 Deliberately sabotaging work areas or projects and/or deliberately withholding information or equipment necessary for an individual to perform his or her job.

**2.2** **"Inappropriate Conduct of a Sexual Nature"** is conduct of a sexual nature that is inappropriate in a professional work environment. This category encompasses (i) conduct of a sexual nature that is objectively offensive but that may not be sufficient to satisfy the legal definition of sexual harassment and (ii) conduct of a sexual nature that is consensual between two or more parties but that is nonetheless inappropriate in a professional work environment, such as engaging in sexual activity in City offices or City vehicles.

**2.3** **"Retaliation"** is conduct or decisions that a reasonable employee would view as materially adverse and whose purpose or effect is to discourage employees from exercising their rights under this policy or under the law. These rights include filing a complaint under this policy; filing a complaint with an external government agency such as the Equal Employment Opportunity Commission (EEOC); assisting another employee in the filing of a complaint; providing information during an investigation or testifying in a legal proceeding; or otherwise opposing conduct prohibited by this policy. Retaliation against employees who engage in protected conduct is expressly prohibited. The protection against retaliation applies to all good-faith complaints, even if the complaints ultimately are not sustained.

| Subject: | PROHIBITED WORKPLACE CONDUCT, INCLUDING SEXUAL HARASSMENT | E. O. No. | 1- 50 | Page 2 of 5 |
|---|---|---|---|---|
| | | Effective Date: | | |

## 3.0 EMPLOYEE AND SUPERVISORY OBLIGATIONS

**All employees:** Employees who are subjected to conduct in violation of this policy are encouraged to report the conduct at the earliest possible stage, before the conduct becomes severe or pervasive, so that the City can take appropriate action to remedy the offensive conduct. A delay in reporting may impair the City's ability to investigate or to take corrective action. As stated in Section 4.0 of this policy, employees may report prohibited conduct to the Office of the Inspector General (OIG), the Designated Departmental Representatives (DDRs) assigned to their department, or the City of Houston's Sexual Harassment Hotline.

**All supervisors:** Any supervisor or manager who receives a complaint of sexual harassment or other prohibited conduct or who observes prohibited conduct in his or her department shall take prompt and appropriate action reasonably necessary to ensure compliance with this policy. At a minimum, the supervisor or manager shall as expeditiously as possible make a report to a Designated Department Representative assigned to his or her department. **No supervisor or manager has authority to agree not to transmit a report or to agree to a delay in transmitting a report.** Failure of a supervisor or manager to discharge responsibilities under this paragraph is a violation of this policy and may result in disciplinary action, including termination or indefinite suspension.

**All department directors:** Directors shall implement this Executive Order by rigorously enforcing the standards imposed by this policy; by developing and disseminating appropriate General Orders, Bulletins, or Departmental procedures that communicate to employees that violations of this policy will not be tolerated and will result in corrective action, up to and including termination or indefinite suspension; by taking appropriate action to ensure that complaints are promptly and fairly investigated; by imposing corrective action, up to and including termination or indefinite suspension, when violations of this policy are confirmed; and by ensuring that department employees receive periodic training regarding this policy.

## 4.0 COMPLAINT PROCESS

When an employee believes that he or she has been subjected to conduct prohibited by this policy, the individual is encouraged to inform the alleged offender that the conduct in question is unwelcome or offensive. If this approach is unsuccessful or not feasible, the individual may pursue informal or formal means of resolution.

### 4.1 Advice and Information

Any individual may seek advice or information on matters related to this policy without having to lodge a formal complaint. Employees may seek informal guidance by calling the City's Sexual Harassment Hotline (713-837-9030) or by contacting the Designated Departmental Representatives (DDRs) assigned to the employee's department. Additionally, any employee, supervisor, or DDR may contact the Director of Affirmative Action to inquire about the scope or implementation of this policy.

### 4.2 Informal Resolution

Requests for informal resolution may be addressed to a Designated Departmental Representative or to the Director of Affirmative Action. Each department director shall appoint at least two DDRs who are qualified by training to serve the functions of this policy. Whenever possible, the DDRs should consist of at least one male and one female. Departments that are small or that lack qualified personnel to serve as DDRs may designate one or more DDRs who are assigned to the Human Resources Department. The identity of the DDRs shall be appropriately publicized to employees.

| Subject: | **PROHIBITED WORKPLACE CONDUCT, INCLUDING SEXUAL HARASSMENT** | E. O. No. | **1- 50** | Page **3** of **5** |
|---|---|---|---|---|
| | | Effective Date: | | |

Informal resolution is appropriate when (i) the alleged conduct is neither severe nor pervasive, (ii) the facts are not materially in dispute, and (iii) formal disciplinary action is not required to remedy the complaint. Methods of informal resolution may include, but are not limited to, (i) counseling the accused employee and/or providing directives regarding unacceptable workplace behavior; (ii) implementing an employee request for a voluntary change in a work schedule or assignment; (iii) mediating the conflict; and/or (iv) providing training and/or mentoring. The DDRs shall maintain a written record of the terms and conditions of the informal resolution.

### 4.3 Formal Complaints

A formal complaint may be filed by the employee who has been subjected to the prohibited conduct, by an employee who has observed prohibited conduct, or by a Designated Departmental Representative. The formal complaint process may be used whether the accused is a City employee, supervisor, manager, independent contractor, employee of a vendor or contractor, or other third party. Use of the informal resolution process is not a prerequisite to filing a formal complaint. Formal complaints may be presented to *any* of the following offices:

(i) Office of the Inspector General (OIG) - (713) 247-5800 - located on the third floor of 61 Reisner St., Houston, Texas; **OR**

(ii) Employee's Designated Departmental Representative (contact information ordinarily will be available on Departmental bulletin boards); **OR**

(iii) City of Houston Sexual Harassment Hotline (operated by the Affirmative Action Office) - (713) 837-9030.

All complaints received by a DDR or the Sexual Harassment Hotline will be transmitted to the OIG for processing. Employees who initially submit oral complaints will be required to place their complaints in writing.

The OIG shall promptly investigate each complaint, demonstrating appropriate urgency. Prompt investigation means that the investigation is commenced and completed as expeditiously as possible given the nature and complexity of the allegations. The OIG shall maintain written guidelines that outline the procedures for investigating and resolving complaints. A copy of the guidelines shall be provided to the complainant and to the accused at the commencement of the investigation.

At the conclusion of the investigation, the OIG shall prepare a written report, which shall be transmitted to the DDR and the department director with administrative responsibility over the unit employing the accused. Employees who are found to have violated this policy shall be subject to corrective action and/or discipline, up to and including termination or indefinite suspension. The department director shall implement disciplinary or corrective action without delay, and the measures taken shall be reasonably calculated to prevent future violations of this policy. If the department director is the subject of the complaint, the report and remedial action will be determined by the Mayor or his or her designee.

In the event that an employee files a complaint against a DDR or other employee who has responsibilities under this policy, or in the event that such employee is a material fact witness in any investigation, the OIG in consultation with the Director of Affirmative Action may modify these procedures to ensure that such employee is not involved in the processing of the complaint. In the event that the complaint is against the Director of Affirmative Action, the OIG may modify these procedures without consulting the Director of Affirmative Action.

### 5.0 FRATERNIZATION

Although personal relationships occasionally develop at work, some attractions are not mutual, and these situations can develop into sexual harassment complaints. Employees in a supervisory position shall keep their relationships with subordinates on a professional basis and shall exercise good judgment by avoiding sexual relationships with individuals who report, directly or indirectly, to the supervisor.

| Subject: | **PROHIBITED WORKPLACE CONDUCT, INCLUDING SEXUAL HARASSMENT** | E. O. No. | **1- 50** | Page **4** of **5** |
|---|---|---|---|---|
| | | Effective Date: | | |

The policy against fraternization does not prohibit marital, dating, or intimate relationships between employees who work in different departments or divisions. However, all employees should be aware that even consensual relationships have the potential to be disruptive or to lead to harassment claims. Consensual relationships also may lead to inappropriate conduct of a sexual nature that violates Section 2 of this policy. The City may take remedial action any time a consensual relationship between two employees becomes unwelcome or adversely affects any employee's work environment.

### 6.0 OTHER REMEDIES; COMPLIANCE AND TRAINING

**Reports to external agencies:** Employees may seek external review of a sexual harassment complaint or the City's employment practices by filing a complaint with the U.S. Equal Employment Opportunity Commission and/or the Texas Workforce Commission. Certain procedural requirements and deadlines may apply. Information regarding these agencies is posted on Departmental bulletin boards and is available on the Internet.

**Training and Other Resources:** All employees shall receive periodic training regarding this policy. The Affirmative Action Director shall develop appropriate training programs and shall issue additional guidelines and procedures as necessary to implement this Executive Order.

**Effective Date:** This policy shall become effective sixty (60) days from the date it is approved by the Mayor.

| Subject: | PROHIBITED WORKPLACE CONDUCT, INCLUDING SEXUAL HARASSMENT | E. O. No. | **1- 50** | Page **5** of **5** |
|---|---|---|---|---|
| | | Effective Date: | | |

HOU00007340