# EXHIBIT W

# Executive Order No. 1-39 Revised: Establishment of Office of Inspector General for Investigation of Employee Misconduct, March 1, 2011, HOU00147565-147569



**CITY OF HOUSTON**

Executive Order

| | |
|---|---|
| Subject: **Establishment of Office of Inspector General for Investigation of Employee Misconduct** | E.O. No. **1-39 Revised** <br> Effective Date: **March 1, 2011** |

1. AUTHORITY

    1.1  Article VI, Section 7a, of the City Charter of the City of Houston.

2. PURPOSE

    2.1  To establish, and to prescribe the duties and the limitations of, the Office of the Inspector General ("OIG"), a division of the Office of the City Attorney.

3. OBJECTIVES

    3.1  To establish a central, objective authority for the timely investigation of allegations of employee misconduct.

4. SCOPE

    4.1  This Executive Order applies to all City employees, elected officials, Mayoral appointees (boards, commissions and authorities), vendors and contractors doing business with the City alleged to have violated a state or federal law, a provision of the City Charter, a City Ordinance, City Council Code of Conduct, an Executive Order, an Administrative Procedure, or a Mayor's Policy, relating directly or indirectly to their duties with the City.

    4.2  The Inspector General may, however, serve as a consultant to the Independent Police Oversight Board as provided for in Executive Order 1-5 (revised).

    4.3  This Executive Order excludes classified police officers subject to Chapter 143 of the Texas Local Government Code and civilian personnel employed with the Houston Police Department.

5. RESPONSIBILITIES

    5.1  OIG

    5.1.1  Review all allegations of employee misconduct submitted to the OIG in writing, or as may otherwise be referred by the Mayor or City Attorney.

    5.1.2  Investigate all facts and circumstances that reasonably appear to constitute employee misconduct.

| Approved: *[signature: Annise D. Parker]* | Date Approved: 03/01/2011 | Page 1 of 5 |
|---|---|---|

- 5.1.3 Supply information, which information may be protected from public disclosure as provided by law, to the Houston Ethics Commission, the Office of the Mayor, the Civil Service Commission for Municipal Employees ("Commission"), Directors of City Departments, the Houston Police Department, and the Harris County District Attorney (and, as deemed appropriate by the IG, other public law enforcement authorities) to facilitate investigations of allegations of employee misconduct and any associated disciplinary actions or enforcement of civil or criminal laws.

- 5.1.4 The OIG shall provide an accurate reporting of the number of cases that were submitted for intake, the number of cases investigated and the number of cases closed or disposed of on a quarterly basis.

- 5.1.5 The OIG shall serve as ombudsmen for citizens with allegations of police misconduct and to assist such citizens, in a confidential manner, regarding the making or filing of a complaint against any HPD officer.

5.2 Inspector General

- 5.2.1 The IG shall supervise the OIG in its investigation of fraud, corruption, waste, mismanagement, conflicts of interest, ethics violations, discrimination and violations of state or federal law, the City Charter, City Ordinances, City Council Code of Conduct, Executive Orders, Administrative Procedures, or Mayor's Policies.

5.3 City Controller

- 5.3.1 The OIG may consult the City Controller regarding allegations of employee misconduct that may expose the City to significant financial loss. The City Controller has agreed to provide auditing and other financial analysis to assist the OIG's investigations of such allegations.

5.4 Department Directors

- 5.4.1 All department directors shall cooperate with investigations conducted by the OIG and shall ensure that employees of the directors' respective departments cooperate with all requests from the OIG for information, documents, witness statements, or related materials.

5.5 Elected Officials

- 5.5.1 All elected officials are strongly encouraged to cooperate with investigations conducted by the OIG and shall ensure that their employees cooperate with all requests from the OIG for information, documents, witness statements, or related materials.

5.6 Vendors and Contractors

- 5.6.1 All vendors and contractors are strongly encouraged to cooperate with investigations conducted by the OIG and shall ensure that their employees cooperate with all requests from the OIG for information, documents, witness statements, or related materials pertaining to an ongoing OIG investigation. Vendors and contractors who fail to cooperate with an OIG investigation risk having their contract with the City not renewed or terminated.

| Subject: | Establishment of Office of Inspector General for Investigation of Employee Misconduct | E. O. No.: | 1-39 Revised | Page 2 of 5 |
|---|---|---|---|---|

HOU00147566

5.7 City Employees/Appointed Officials

    5.7.1 A City employee or an appointed official who believes in good faith that employee misconduct has occurred or is occurring must report to the OIG the facts or circumstances giving rise to the belief.

        5.7.1.1 An allegation of employee misconduct must be in writing, on a form promulgated by the Inspector General, and delivered to the OIG in a sealed envelope addressed to the OIG and prominently marked "Confidential."

        5.7.1.2 An allegation of employee misconduct should be reported to the OIG as promptly as possible, but in any event no later than thirty days after the person making the allegation is aware of facts or circumstances that appear to constitute employee misconduct.

    5.7.2 A City employee or an appointed official who falsely alleges employee misconduct to the OIG (that is, who represents to the OIG that a material fact or circumstance is true when the employee or appointed official knows the fact or circumstance not to be true) violates this Executive Order and, accordingly, commits misconduct.

    5.7.3 All City employees and appointed officials shall cooperate fully with any investigation conducted by the OIG and must provide truthful information, written statements, documents, and related materials upon OIG's request.

    5.7.4 Any City employees or appointed official who fails to fully cooperate with any OIG investigation violates this Executive Order and, accordingly, commits misconduct.

    5.7.5 Unless authorized in writing by the Inspector General, or as otherwise provided by law, no City employee or appointed official may disclose to any person other than the Inspector General or his designee the substance of any communication (whether verbal, electronic, or in writing) to or from the OIG related to an OIG investigation.

    5.7.6 No City employee or appointed official shall request and/or obtain written statements or reports from any person alleged to be involved in the investigation either as a complainant, respondent or witness. No City employee or appointed official shall interfere with an OIG investigation. No City employee or appointed official shall retaliate or take any adverse employment action against any person as a result of their cooperation with an OIG investigation.

    5.7.7 This Executive Order does not relieve any City employee or appointed official of any duty to comply with state and federal laws, City Ordinances, Executive Orders, Administrative Procedures, Mayor's Policies, and department policies regarding the reporting of employee misconduct.

    5.7.8 Violation of this Executive Order shall subject the individual to disciplinary action up to and including indefinite suspension.

5.8 Houston Ethics Commission

    5.8.1 The Houston Ethics Commission may refer matters to the OIG for investigation as provided for in Chapter 18 of the Code of Ordinances.

| Subject: | Establishment of Office of Inspector General for Investigation of Employee Misconduct | E. O. No.: | 1-39 Revised | Page 3 of 5 |
|---|---|---|---|---|

6. ALLEGATIONS RE: WHISTLEBLOWER ACT

   6.1 A City employee or a former City employee who believes that the City has taken an adverse personnel action against her or him in violation of Chapter 554 of the Texas Government Code ("Whistleblower Act") may file a complaint ("Whistleblower Complaint") with the OIG stating the facts or circumstances giving rise to the employee's belief. A Whistleblower Complaint filed with the OIG should be in writing, on a form promulgated by the OIG.

   6.1.1 Immediately upon receipt of a Whistleblower Complaint, the OIG will mark the date and time of receipt on the face of the Complaint.

   6.1.2 A Whistleblower Complaint should be filed with the OIG as promptly as possible but in any event within 90 days after the date on which the adverse personnel action occurred or was discovered through reasonable diligence.

   6.1.3 Except as authorized in writing by the City Attorney, the OIG must complete its investigation of a Whistleblower Complaint within 45 days after the date on which the Whistleblower Complaint was filed with the OIG.

   6.1.4 Promptly upon completion of its investigation of a Whistleblower Complaint, the OIG will deliver a written report of the OIG's findings and conclusions ("OIG's Report") to the director of the department in which the employee is or was most recently employed. The said director will issue a written disposition of the Whistleblower Complaint within 20 days after the date on which the Director received the OIG's Report.

   6.2 If a civil-service-protected City employee timely files with the Commission an appeal ("Civil Service Appeal") of the employee's indefinite suspension, involuntary demotion, reduction in pay, or temporary suspension in excess of 15 days, and if the Civil Service Appeal alleges any fact or circumstance that may constitute a violation of the Whistleblower Act, the Commission immediately shall file a copy of the Civil Service Appeal with the OIG.

   6.2.1 Immediately upon receipt of a Civil Service Appeal, the OIG will mark the date and time of receipt on the face of the Civil Service Appeal.

   6.2.2 The OIG will investigate only those facts and circumstances alleged in the Civil Service Appeal that may constitute violations of the Whistleblower Act.

   6.2.3 The OIG must complete its investigation of a Civil Service Appeal within 20 days after the date on which the Civil Service Appeal was filed with the OIG.

   6.2.4 Promptly upon completion of its investigation of a Civil Service Appeal, the OIG will deliver a written report of the OIG's findings and conclusions to the Commission, and the Commission will issue a written disposition of the Civil Service Appeal within 30 days after the date on which the Civil Service Appeal was filed with the Commission.

   6.3 Other than Civil Service Appeals, which are addressed by Subsection 6.2 of this Executive Order, the Commission may refer any Whistleblower Complaint to the OIG for investigation, which referral will constitute a "filing" with the OIG for the purposes of Subsections 6.1.3 and 6.1.4 of this Executive Order.

| Subject: | Establishment of Office of Inspector General for Investigation of Employee Misconduct | E. O. No.: | 1-39 Revised | Page 4 of 5 |
|---|---|---|---|---|

7. POLICY CONFLICT

   7.1    This Executive Order supersedes any and all prior policies and/or Executive Orders to the extent such policies or Executive Orders are inconsistent with this Executive Order 1-39.

| Subject: | Establishment of Office of Inspector General for Investigation of Employee Misconduct | E. O. No.: | 1-39 Revised | Page 5 of 5 |
|---|---|---|---|---|