# EXHIBIT X

# Memo from David M. Feldman to OIG Staff, HOU00147572-147574



# CITY OF HOUSTON
Legal Department

**Interoffice**
Correspondence

To: OIG Staff

From: David M. Feldman
City Attorney

Date: August 2, 2010

cc: Mayor Annise Parker
City Council via Marty Stein
Department Directors

Subject: INTERIM GUIDELINES FOR THE OFFICE INSPECTOR GENERAL ("OIG")

Executive Order No. 1-39 Revised ("E.O. 1-39") requires the City Attorney to "to post at the City's website such forms, rules, and procedures as are reasonable and necessary to attain the Objective of this Executive Order" no later than October 12, 2010. See E.O. 1-39 at ¶ 6.2.2. This Memorandum provides Interim Guidelines for the operation of the OIG until promulgation of more detailed forms, rules, and procedures.

1. The OIG will continue to operate pursuant to the Standard Operating Procedures ("SOPs") applicable to the OIG immediately prior to Mayor Parker's approval of E.O. 1-39 on July 14, 2010, *to the extent that* the said SOPs are not inconsistent with E.O. 1-39, or with these Interim Guidelines, or with any directive signed by the Mayor or by the City Attorney.

2. In keeping with the City Attorney's memorandum dated July 9, 2010, Capt. David Watkins of the Houston Police Department will "continue to coordinate investigative activities" of the OIG until further instruction from the City Attorney or from the Chief of Police, which activities include "assisting and advising investigators and reviewing and approving reports" before submission to the City Attorney.

3. E.O. 1-39 requires (at ¶ 6.5.1) that an employee of the City of Houston ("COH") who believes in good faith that employee misconduct has occurred to report to the OIG the facts or circumstances giving rise to the employee's belief and to report the misconduct on a form promulgated by the City Attorney. The form ("Complaint of Employee Misconduct" or "Complaint") may be downloaded at http://www.houstontx.gov/legal/oigcomplaintform.pdf. Until the promulgation of more detailed forms, rules, and procedures, the same form should be used for filing Whistleblower Complaints. See E.O. 1-39 at ¶ 7.1.

4. Persons not employed by COH who wish to file a Complaint are requested to follow the requirements of ¶ 6.5.1 of E.O. 1-39.

5. The OIG shall provide prompt, written acknowledgment of receipt of a Complaint to each Complainant who provides his or her contact information (legibly printed or typed name, mailing address, and telephone number). Absent unusual circumstances (as determined by the City Attorney or persons designated in writing by the City Attorney), upon receipt of a Complaint the OIG also shall forward copies of the Complaint to the Director of Human Resources and to the Director of the Department in which the subject

Page 2

of the Complaint is or was employed, with instructions regarding confidentiality of the Complaint, as appropriate.

6. The OIG should not investigate (a) a Complaint not bearing the Complainant's signature and contact information or (b) a Complaint not stating facts that would constitute "employee misconduct" within the meaning of E.O. 1-39. Notwithstanding anything to the contrary in this ¶ 6, the OIG may investigate any allegation of a violation of a state or federal criminal law.

7. If the OIG declines to investigate a Complaint, and if the Complainant has provided his or her contact information, the OIG shall notify the Complainant in writing of the OIG's decision not to investigate. The notice shall state briefly the reason(s) for the OIG's decision, and copies of the notice shall be forwarded to the Director of Human Resources and to the Director of the Department in which the subject of the Complaint is or was employed. In such circumstances, the OIG need not be advised of any action taken by a Department Director in response to the Complaint.

8. The OIG is authorized to investigate a Complaint to determine whether an allegation of employee misconduct is supported by substantial evidence. <u>For the purposes of these Interim Guidelines, substantial evidence is evidence from which a reasonable person could conclude that employee misconduct has occurred; substantial evidence need not be admissible in a court of law.</u>

9. Upon concluding that substantial evidence supports an allegation of employee misconduct that violates a state or federal criminal law, the OIG may discontinue its investigation and deliver a copy of the Complaint, together with any related documents, in an envelope or other sealed container prominently marked "Privileged and Confidential Attorney-Client Communication – Attorney Work Product" to the Executive Assistant Chief for Investigative Operations, Houston Police Department, 1200 Travis St., 18th Floor, Houston, Texas 77002. As an alternative to the delivery of the said materials to HPD, but only upon the City Attorney's written approval, the OIG may deliver the materials to the Harris County District Attorney or to the United States Attorney for the Southern District of Texas. Referral to law enforcement may occur prior to a determination regarding the existence of substantial evidence if the OIG concludes that a Complaint alleging criminal conduct is of such a nature that immediate referral is warranted. Absent unusual circumstances (as determined by the City Attorney), the OIG shall notify the Director of Human Resources and the Director of the Department in which the subject of the Complaint is or was employed that the Complaint has been forwarded to a law enforcement authority for further investigation.

10. If the OIG determines that substantial evidence supports an allegation of employee misconduct but that the misconduct does not violate a state or federal criminal law (or that the violation is of such a *de minimus* nature that in all likelihood it would not lead to any form of criminal prosecution), the OIG shall complete its investigation of the allegation(s) of the Complaint. At the conclusion of the investigation, the OIG shall produce a written report (the "OIG's Report," each page of which shall be marked prominently "Privileged and Confidential Attorney-Client Communication – Attorney Work Product").

Page 3

11. The OIG's Report shall be as succinct as is reasonable under the circumstances and shall consist of (a) a summary of the allegations of the Complaint; (b) a summary of the evidence considered by the OIG; (c) the OIG's findings of fact; and (d) the OIG's conclusions regarding whether any state or federal law, City Ordinance, Executive Order, Administrative Procedure, or Mayor's Policy has been violated by the subject of the Complaint. (The OIG's Report need not satisfy the requirements of the SOPs applicable to the OIG immediately prior to Mayor Parker's approval of E.O. 1-39.)

12. The OIG will supply copies of the OIG's Report to the Director of Human Resources and to the Director of the Department in which the subject of the Complaint is or was employed. The OIG need not be notified of any action taken by a Department Director in response to an OIG's Report, unless such notification is specifically requested by the OIG.

13. If the Complainant has provided his or her contact information to the OIG, after the OIG has complied with ¶ 12 immediately above the OIG shall notify the Complainant in writing that the OIG has completed its investigation and that the OIG has concluded that the Complaint has, or does not have, merit. The notice also will state that the Director of the Department in which the subject of the Complaint is or was employed will decide what action should be taken, if any.

14. To the extent, if any, these Interim Guidelines are inconsistent with E.O. 1-39 (specifically, with regard to "Allegations re: Whistleblower Act"), E.O. 1-39 controls.