United States District Court
Southern District of Texas
**ENTERED**
October 26, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HOUSTON,<br><br>Defendant.<br>JANE DRAYCOTT AND PAULA KEYES,<br><br>Plaintiffs-Intervenors,<br><br>v.<br><br>CITY OF HOUSTON,<br><br>Defendant. | Civil Action No. 4:18-cv-00644 |

## CONSENT DECREE

### I. INTRODUCTION

This action was brought by Plaintiff United States of America ("United States") against the City of Houston ("City" or "Defendant") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, ("Title VII"), following the United States' receipt from the Equal Employment Opportunity Commission ("EEOC") of charges of discrimination timely filed by Plaintiff-Intervenors Jane Draycott ("Draycott") and Paula Keyes against the City. Ms. Draycott and Ms. Keyes, whose claims arose during their employment with the Houston Fire Department ("HFD"), intervened in the action, alleging violations of Title VII arising from the same nucleus of facts as those alleged by the United States. In March 2020, the United States and Ms. Keyes resolved all disputed factual and legal issues with the City through a separate settlement. The instant Consent Decree is an agreement to resolve all

remaining factual and legal disputes relevant to this lawsuit between the United States, the City, and Jane Draycott, the remaining plaintiff in intervention. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

In its Complaint, the United States alleges that the City discriminated against Ms. Draycott on the basis of sex by subjecting her to a hostile work environment in violation of Title VII. The United States further alleges that Ms. Draycott was subjected to retaliation and constructive discharge. Ms. Draycott alleges similar violations of Title VII in her Complaint in Intervention.

The City denies that Ms. Draycott was subjected to a hostile work environment, retaliation, and/or constructive discharged. Nevertheless, the United States, Ms. Draycott, and the Defendant (also referred to collectively as the "Parties" and singularly as "Party"), desiring that this action be settled by this Consent Decree ("Decree") without the burdens and risks of protracted litigation, agree that this Court has jurisdiction over the Parties and the subject matter of this action. This Decree, being entered into with the consent of the United States, Ms. Draycott, and the City, shall not constitute an adjudication or finding on the merits of the case, nor be construed as an admission of liability by the City.

In resolution of this action, the Parties waive findings of fact and conclusions of law on the merits of this case, and further agree to entry of this Decree as a final and binding agreement amongst them with regard to all claims asserted in the United States' Complaint and Draycott's Complaint in Intervention.

**II. FINDINGS**

Having examined the terms and provisions of this Decree, the Court finds that it has jurisdiction over the subject matter of and the Parties to this action; and in resolution of

2

this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, and ORDERS the following:

### III. DEFINITIONS

1. "ARFF" refers to Aircraft Rescue Firefighting, a division of the HFD.
2. "ARFF Certified" means those employees that the HFD has a record of holding an ARFF certification.
3. "ARFF Covered Employee" means individuals holding the rank of Junior Captain (or Captain), Senior Captain, or District Chief in the HFD's ARFF Division who are regularly assigned to Station 54, or because of ARFF's operational needs may work a shift at Station 54 or attend training at Station 54.
4. "Day" or "days" refer to calendar days, not business days, unless otherwise stated.
5. "Date of Entry of this Decree" is the date on which the Court signs and enters this Decree as a final order of the Court.

### IV. PURPOSES OF THE CONSENT DECREE

6. The purposes of this Decree are to:
   a. provide general, non-monetary remedies that ensure that the City does not discriminate against any HFD employee on the basis of sex or retaliate against an employee in violation of Title VII; and
   b. provide monetary relief to Jane Draycott in consideration for a Release of the claims set forth in her Complaint in Intervention and the Complaint of the United States.

### V. GENERAL INJUNCTIVE & EQUITABLE RELIEF

7. In accordance with the terms of this Consent Decree, the City shall not:

a. engage in any act or practice that discriminates against any HFD employee on the basis of sex or retaliates against an employee in violation of Title VII; or

b. to the extent proscribed by Title VII, discriminate against any person because that person participated in or cooperated with the United States' investigation of the City, participated in the litigation of this case, complained about or opposed the City's employment practices challenged in this lawsuit, or who received or sought relief under the provisions of this Consent Decree or otherwise benefitted from the terms of this Decree.

## VI. REVIEW AND IMPLEMENTATION OF TRAINING

8. ARFF Training: The City will develop and provide in-person live or in-person virtual training for its HFD ARFF Covered Employees. The ARFF Training shall include the provision of all relevant written policies as set forth below:

    a. an explanation of the City's and HFD's policies governing sex-based harassment and retaliation;

    b. an explanation of Title VII's prohibitions against sex-based harassment and the creation of hostile work environments based on sex;

    c. an explanation of Title VII's prohibition against the taking of any retaliatory actions against any person who has participated in or opposed any actions by an employer that are prohibited by Title VII;

    d. an explanation of the City's and HFD's processes for accepting, investigating, and making determinations regarding complaints involving sex-based harassment and/or retaliation; and

    e. an explanation of the responsibilities and obligations of ARFF Covered

       Employees pursuant to the City's and HFD's polices for complaints raising allegations of discrimination, harassment, and/or retaliation.

9. Within sixty (60) days of entry of the Decree, the City will submit to the United States for review the training materials to be used for the ARFF Training. Within fifteen (15) days of receiving the training materials, the United States will review the materials to determine if the materials comply with the requirements set forth in Paragraph 8. If the United States determines that these materials conform to this Decree and the controlling legal standards, it shall provide written assurance to the City that it has no objection to the City's training materials within the same fifteen (15) day time period. If the United States believes the materials do not comply with Paragraph 8 or do not accurately state or conform to controlling legal standards, the United States will provide in writing the reasons thereto to the City within the same fifteen (15) day time period.

10. The United States will not unreasonably withhold its approval of the City's planned training curriculum. The City and the United States will use their best efforts to resolve any dispute about whether the training materials comply with Paragraph 8 and controlling legal standards within thirty (30) days of the City's receipt of the United States' comments and objections. If the United States' objections are resolved during this process, it shall provide the City with written notice that it has no further objections within seven (7) days. However, if the United States or City are unable to agree about whether the training materials comply with the requirements of Paragraph 8, the United States or the City will follow the procedures set forth in Paragraph 20 regarding disagreement as to compliance with the Decree.

11. Within thirty (30) days from the date that the United States provides written assurance that it has no further objections to the City's training materials or, absent agreement, where ordered by this Court, the City shall begin providing ARFF Training as described in Paragraph 8 to all ARFF Covered Employees. The City also will ensure that each ARFF Covered Employee signs an acknowledgment that he or she has completed the ARFF Training. The City will document that each ARFF Covered Employee has received the training as part of the employee's training record maintained by HFD.

12. The City will also provide the ARFF Training as part of the training provided in Paragraph 11 or by using a recording of an earlier training session to members (1) who hold the ranks of Captain (Junior Captain), Senior Captain, or District Chief; (2) who are identified by the City as "ARFF Certified"; (3) who are not assigned to ARFF; and (4) who are currently eligible to transfer to ARFF. The City shall ensure that each member who receives training pursuant to this paragraph signs an acknowledgment that he or she has completed the ARFF Training. The City will document that each member has received the training as part of the employee's training record maintained by HFD.

13. Within twenty (20) days after the training required by Paragraph 11 and 12 occurs, the City will provide to the United States copies of all training materials used and written confirmation that all individuals required to receive such training have received it, including the identification of the individuals trained.

## VII. MONETARY RELIEF FOR JANE DRAYCOTT

14. The City has previously agreed to pay Jane Draycott monetary relief of $275,000.00, in exchange for Jane Draycott's Release of Claims. This payment, together with the injunctive relief detailed elsewhere in this Decree, shall also serve as consideration for settlement of the United States' claims.

15. To receive relief under this Decree, Jane Draycott must execute the release previously agreed to by the City and Ms. Draycott, and return it to the City within ten (10) days of entry of the Decree.

16. The City will provide the United States with a copy of Ms. Draycott's executed release within three (3) days of receipt of a release from Ms. Draycott.

17. The City agrees to issue the appropriate tax reporting forms for the payment in Paragraph 14 within the time prescribed by law.

18. Within five (5) days of City's delivery of payment to Ms. Draycott referenced in Paragraph 14, the City will provide the United States with copies of the check(s) and proof of delivery.

19. Plaintiff Jane Draycott's rights to enforce the terms of this Decree are limited to the enforcement of the City's obligations under this section of this Decree (Section VII) and any other provisions that may be ancillary to the enforcement of this section (Section VII). Plaintiff Jane Draycott shall have no rights to enforce the obligations of the City under Sections III, IV, V, and VI of this Decree.

## VIII. DISPUTE RESOLUTION

20. The United States and the City will attempt in good faith to resolve informally any dispute concerning the City's compliance with this Decree. Upon request by the

United States or the City, the United States and the City, through their counsel, will make themselves available for a telephone conference to discuss any such dispute within ten (10) days of such a request. If the United States and the City are unable to reach agreement after informally seeking to resolve the dispute, either Party may move the Court to enforce this Decree and may seek a ruling that enforces this Court Order, provided the moving Party gives at least thirty (30) days written advance notice to the nonmoving Party.

21. The process described in Paragraph 20 does not apply in the event there is a dispute regarding the City's satisfaction of the terms of this Decree set forth under the heading "VIII. MONETARY RELIEF FOR JANE DRAYCOTT."

## IX. MODIFICATION OF THE DECREE

22. This Decree constitutes the entire agreement and all commitments between the United States and the City. The Defendant and Jane Draycott have entered into a separate settlement agreement.

23. The United States and the City may agree to modifications of the time limits for the specific performance of the non-monetary relief provisions set forth in this Decree without Court approval. The United States and the City may agree to other modifications of the non-monetary relief provisions of the Decree only with approval of the Court. The Parties may agree to modifications of the time limits for the specific performance of the monetary relief provisions set forth in this Decree without

Court approval. The Parties may agree to other modifications of the monetary relief provisions of the Decree only with approval of the Court.

### X. JURISDICTION OF THE COURT

24. Upon entry of this Decree, all claims in this case shall be dismissed with prejudice, although the Court shall retain jurisdiction over this Decree for the purposes of implementing the relief provided herein, and resolving any disputes or entering any orders that may be necessary to implement the relief provided herein.

### XI. DURATION OF CONSENT DECREE AND TERMINATION

25. This Decree will remain in effect for twelve (12) months from the Date of Entry of the Decree or until the City has provided to the United States copies of the materials described in Paragraph 13, whichever is less. The United States may move the Court to extend the duration of the Decree, and the Court may extend the term only upon a showing (1) the City's substantial non-compliance with this Decree during its term, and (2) good cause for extending the term. Absent an extension, the Decree will expire without further order of the Court at the conclusion of this twelve (12) month period.

### XII. GENERAL PROVISIONS

26. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

27. The Parties will bear their own costs, expenses, and attorneys' fees in this action, including the costs of compliance or monitoring.

28. The Parties agree that, as of the date of entry of this Decree, additional litigation regarding this matter is not reasonably foreseeable. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored

information, or things related to this matter, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any party of any other obligations imposed by this Decree, including the obligation to maintain documents demonstrating compliance with this Decree.

29. Where possible, all documents required to be delivered to the United States under this Decree shall be sent via electronic mail to Jeremy Monteiro (at jeremy.monteiro@usdoj.gov), Hector Ruiz (at hector.ruiz@usdoj.gov), and Hillary Valderrama (at hillary.valderrama@usdoj.gov). Where such electronic mail is not possible, documents shall be sent *via overnight delivery* to:

> Jeremy Monteiro
> Hector Ruiz
> Hillary Valderrama
> Employment Litigation Section
> Civil Rights Division
> United States Department of Justice
> 4 Constitution Square
> 150 M Street, NE
> Washington, DC 20530

30. All documents required to be delivered under this Decree to the City shall be sent via electronic mail where possible to the City Attorney, Ronald C. Lewis (Ronald.Lewis@houstontx.gov), Section Chief Donald Fleming (Don.Fleming@houstontx.gov), Deidra Norris Sullivan (Deidra.Sullivan@houstontx.gov) and Marjorie Cohen (Marjorie.Cohen@houstontx.gov). Where such electronic mail is not possible, documents shall be sent via overnight delivery to:

> Donald Fleming
> Deidra Norris Sullivan
> Marjorie Cohen
> City of Houston Legal Department
> Labor, Employment and Civil Service Section

        P.O. Box 368
        Houston, Texas 77001-0368

31. Any Party may update mailing or electronic addresses to all other parties without requiring any changes to this Consent Decree.

32. This Agreement may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one Decree. The Parties agree to be bound by facsimile signatures.

IT IS SO ORDERED this 26th day of **October** 2020.

_____
The Honorable Sim Lake
United States District Judge

Date: September 15, 2020

RYAN K. PATRICK
United States Attorney
Southern District of Texas

s/ KEITH WYATT (Digitally signed by KEITH WYATT, Date: 2020.09.15 10:26:59 -05'00')
_____
KEITH EDWARD WYATT
Assistant United States Attorney
Texas Bar No. 22092900
Federal Bar No. 3480

s/ ELIZABETH KARPATI (Digitally signed by ELIZABETH KARPATI, Date: 2020.09.15 10:31:33 -05'00')
_____
ELIZABETH F. KARPATI
Assistant United States Attorney
Texas Bar No. 00794069
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9713
(713) 718-3303 (fax)
Keith.Wyatt@usdoj.gov
Elizabeth.Karpati@usdoj.gov

**Agreed to and entered into by:**

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW
GA Bar No. 414320
Chief
Employment Litigation Section
Civil Rights Division

KAREN D. WOODARD
Principal Deputy Chief
Employment Litigation Section
Civil Rights Division

_[signatures]_
Hillary K. Valderrama
_____
JEREMY P. MONTEIRO (DC Bar No. 977628)
HECTOR F. RUIZ, JR. (TX Bar No. 24029814)
HILLARY K. VALDERRAMA (TX Bar No. 24075201)
Trial Attorneys
United States Department of Justice
Employment Litigation Section
Civil Rights Division
United States Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC 20530
(202) 307-6230
(202) 514-1005 (fax)
jeremy.monteiro@usdoj.gov
hector.ruiz@usdoj.gov
hillary.valderrama@usdoj.gov

*Counsel for Plaintiff United States*

12

_____
Joseph Y Ahmad
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney St
Suite 2500
Houston, TX 77010-2009
713-600-4900
713-655-0062 (fax)
joeahmad@azalaw.com

*Counsel for Jane Draycott*

THE CITY OF HOUSTON, TEXAS

_____ Date: 10-19-20
Mayor

ATTEST/SEAL

_____
City Secretary      **Interim**

COUNTERSIGNED BY:

_____ Date: 10/22/2020
City Controller

APPROVED:
DocuSigned by:
Samuel Peña
9329BAD08AC8498...

_____
Samuel Peña, Fire Chief
Houston Fire Department

DocuSigned by:
Ronald C. Lewis
01B8EE0AC120491...
_____
Ronald C. Lewis
City Attorney

APPROVED AS TO FORM:
DocuSigned by:
Deidra Norris Sullivan
E665D58393AF478...
_____
Deidra Norris Sullivan
Senior Assistant City Attorney

RONALD C. LEWIS
City Attorney

DONALD FLEMING
Chief, Labor, Employment, & Civil Service

DEIDRA NORRIS SULLIVAN
Senior Assistant City Attorney
State Bar No. 24080648

14

Federal Bar No. 1338580
Telephone: 832.393.6299
Email: Deidra.Sullivan@houstontx.gov

MARJORIE L. COHEN
Senior Assistant City Attorney
State Bar No. 24031960
Federal Bar No. 34303
Telephone: 832.393.6457
Email: Marjorie.Cohen@houstontx.gov

City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Facsimile: 832.393.6259

*Counsel for Defendant City of Houston*